QUINN EMANUEL URQUHART & SULLIVAN, LLP
Faith Gay (*pro hac vice*)
faithgay@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Shon Morgan (Bar No. 187736)
shonmorgan@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Melissa N. Chan (Bar No. 240228)
melissachan@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendant
COLGATE-PALMOLIVE COMPANY

NICHOLAS & BUTLER, LLP
Matthew B. Butler (SBN 201781)
Andrew C. Myers (SBN 276683)
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496

Attorneys for Plaintiff TRACY NIEBLAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY NIEBLAS, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COLGATE-PALMOLIVE COMPANY, a Delaware corporation,<br><br>Defendants. | **CASE NO. SA CV 11-00438 JST (FFMx)**<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>**NOTE CHANGES MADE BY THE COURT** |

For good cause shown, IT IS HEREBY ORDERED that to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded only to material so entitled, the Court enters the following Stipulated Confidentiality Agreement and Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure:

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, ~~trial testimony,~~ **(FFM)** deposition testimony, and transcripts of ~~trial testimony and~~ **(FFM)** depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained

and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms Nicholas and Butler, LLP, and Quinn Emanuel Urquhart & Sullivan LLP. "Counsel" also includes in-house attorneys, paralegals and other staff for Colgate-Palmolive Company.

## GENERAL RULES

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, ~~trial testimony,~~ **(FFM)** deposition testimony, and transcripts of ~~trial testimony and~~ **(FFM)** depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

    a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

    b. Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

5. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

    a. the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

    b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraphs 7, 8 or 9 below; and

    c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

6. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and

must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

7. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information designated "CONFIDENTIAL - FOR COUNSEL ONLY" to:

(a) The Receiving Party's Outside Counsel of record in this Action, as referenced in Paragraph 3, as well as employees of Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Court reporters, their staff, and employees of any professional photocopy service or other litigation support service or profession third-party vendors used by Outside Counsel in this Action;

(c) The Court and its personnel;

(d) Experts and consultants (both testifying and non-testifying) to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(e) Any person who was either an author or recipient of the Confidential Information prior to its disclosure in this Action. This fact must be apparent from the face of the document containing the "CONFIDENTIAL – FOR COUNSEL ONLY" Information.

(f) Any other person upon such terms and conditions as the parties and Designating Party may agree or as the Court directs.

8. Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 7), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

/ / /

1         a.     Executives who are required to participate in policy decisions with reference to this action;

        b.     Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

        c.     Stenographic and clerical employees associated with the individuals identified above.

        d.     During their depositions or at trial, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Such witnesses may not retain copies of the document. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

9.     With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

10.     All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

/ / /

1  11. Before any materials produced in discovery, answers to interrogatories,
2 responses to requests for admissions, deposition transcripts, or other documents,
3 including the contents thereof, which are designated as Confidential Information, are
4 filed with the Court for any purpose, the party seeking to file such material must
5 seek permission of the Court to file the material under seal.

6  12. At any stage of these proceedings, any party may object to a
7 designation of the materials as Confidential Information.  The party objecting to
8 confidentiality must notify, in writing, counsel for the designating party of the
9 objected-to materials and the grounds for the objection.  If the dispute is not
10 resolved consensually between the parties within seven (7) days of receipt of such a
11 notice of objections, the objecting party may move the Court for a ruling on the
12 objection.  The materials at issue must be treated as Confidential Information, as
13 designated by the designating party, until the Court has ruled on the objection or the
14 matter has been otherwise resolved.  **Any such motion must comply with Rule 37**
15 **of the Local Rules.  (FFM)**

16  13. All Confidential Information must be held in confidence by those
17 inspecting or receiving it, and must be used only for purposes of this action.
18 Counsel for each party, and each person receiving Confidential Information must
19 take reasonable precautions to prevent the unauthorized or inadvertent disclosure of
20 such information.  If Confidential Information is disclosed to any person other than
21 a person authorized by this Order, the party responsible for the unauthorized
22 disclosure must immediately bring all pertinent facts relating to the unauthorized
23 disclosure to the attention of the other parties and, without prejudice to any rights
24 and remedies of the other parties, make every reasonable effort to prevent further
25 disclosure by the party and by the person(s) receiving the unauthorized disclosure.

26  14. No party will be responsible to another party for disclosure of
27 Confidential Information under this Order if the information in question is not
28 labeled or otherwise identified as such in accordance with this Order.

15. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party, within thirty (30) day s of discovering the inadvertent disclosure, that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

16. If counsel for a receiving party receives any document that appears on its face to be inadvertently produced and subject to a claim of privilege or attorney work product, counsel for the receiving party will promptly, after becoming aware of the document, so inform counsel for the producing party. Producing party may then identify whether it/he/she seeks the return of such document(s), the purging of all electronic copies of such document(s), and/or redaction or destruction of any portion of work product that reflect any such document(s). It is understood that the inadvertent disclosure in and of itself will not constitute a waiver of any claim of privilege or attorney work product. If addressed within thirty (30) days of the party's discovery of the inadvertent disclosure, it is understood that the inadvertent disclosure in and of itself will not affect any confidential nature of any document otherwise entitled to protection pursuant to this Protective Order. Upon written request, written confirmation will be provided within a reasonable time to opposing counsel that no copy has been retained.

/ / /

If the producing party puts the receiving party on notice that the receiving party is in receipt of an attorney-client privileged or work product document that has been inadvertently produced or otherwise received in an unauthorized manner and the receiving party does not agree to return or destroy all copies of the document, the receiving party shall not distribute or disclose that document or its contents to anyone other than the producing party and will not file that document or any paper disclosing the contents of that document in the public record until such time as either (1) the producing party withdraws its privilege or work product immunity assertion; or (2) the Court determines that the document is not subject to the attorney-client privilege or work product immunity.  Within fourteen days of the receiving party notifying the producing party in writing that it will not return or destroy the document at issue, the producing party must provide to the responding party its portion of a joint stipulation pursuant to Local Rule 37-2 regarding the privileged or work product nature of the document at issue.  (This fourteen-day period does not apply to any disputes over the privileged nature of documents pending at the time this Protective Order is entered by the Court.)

17. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

19. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

1  20. Nothing within this order will be construed to prevent disclosure of
2  Confidential Information if such disclosure is required by law or by order of the
3  Court **or by lawfully issued subpoena. (FFM)**
4  21. In the event that any person or party ceases to be engaged in the
5  conduct of this litigation, including any and all appeals, each terminated party or
6  terminated counsel must, upon request of the producing party, return all
7  Confidential Information to the party that produced the information, including any
8  copies, excerpts, and summaries of that information, or must destroy same at the
9  option of the receiving party, and must purge all such information from all machine-
10 readable media on which it resides.  Notwithstanding the foregoing, counsel for each
11 party may retain all pleadings, briefs, memoranda, motions, and other documents
12 filed with the Court that refer to or incorporate Confidential Information, and will
13 continue to be bound by this Order with respect to all such retained information.
14 Further, attorney work product materials that contain Confidential Information need
15 not be destroyed, but, if they are not destroyed, the person in possession of the
16 attorney work product will continue to be bound by this Order with respect to all
17 such retained information.
18 22. The restrictions and obligations set forth within this order will not
19 apply to any information that: (a) the parties agree should not be designated
20 Confidential Information; (b) the parties agree, or the Court rules, is already public
21 knowledge; (c) the parties agree, or the Court rules, has become public knowledge
22 other than as a result of disclosure by the receiving party, its employees, or its
23 agents in violation of this Order; or (d) has come or will come into the receiving
24 party's legitimate knowledge independently of the production by the designating
25 party.  Prior knowledge must be established by pre-production documentation.
26 23. The restrictions and obligations within this order will not be deemed to
27 prohibit discussions of any Confidential Information with anyone if that person
28 already has or obtains legitimate possession of that information.

1  24. Transmission by facsimile is acceptable for all notification purposes
2 within this order.
3  25. This Order may be modified by agreement of the parties, subject to
4 approval by the Court.
5  26. The Court may modify the terms and conditions of this Order for good
6 cause, or in the interest of justice, or on its own order at any time in these
7 proceedings.  The parties prefer that the Court provide them with notice of the
8 Court's intent to modify the Order and the content of those modifications, prior to
9 entry of such an order.
10  IT IS SO ORDERED this 22nd day of November, 2011.

12  /S/ FREDERICK F. MUMM
13  Honorable Frederick F. Mumm
14  United States District Magistrate Judge

# **EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY NIEBLAS, an individual, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>COLGATE-PALMOLIVE COMPANY, a Delaware corporation,<br><br>　　　　　Defendants. | **CASE NO. SA CV 11-00438 JST (FFMx)**<br><br>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

　　　I, _____, declare and say that:

　　　1.　　I am employed as _____ by _____.

　　　2.　　I have read the Protective Order entered in *Nieblas v. Colgate*, Case No. SA CV 11-00438 JST (FFMx), and have received a copy of the Protective Order.

　　　3.　　I promise that I will use any and all "Confidential" or "Confidential - For Counsel Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4.  I promise that I will not disclose or discuss such "Confidential" or "Confidential - For Counsel Only" information with anyone other than the persons described in paragraphs 3, 7, 8 and 9 of the Protective Order.

5.  I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

6.  I understand that any disclosure or use of "Confidential" or "Confidential - For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _____, 2011

_____

-13-

Case No.  SA CV 11-00438 JST (FFMx)
[PROPOSED] PROTECTIVE ORDER